UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JOHN DOE, §<br>       Plaintiff §<br>§<br>v. §<br>§<br>CORRECTIONS CORPORATION OF §<br>AMERICA, EDUARDO CARMONA, §<br>and OFFICER JOHN ROE §<br>§<br>       Defendant | Civil Action No. 1:14-cv-840<br><br>JURY DEMANDED |

Plaintiff John Doe[1] brings this civil action against Defendants Corrections Corporation of America and Officer John Roe[2] for allowing him to be sexually assaulted in the Bartlett State Jail, in violation of his Eighth and Fourteenth Amendment rights to be free from cruel and unusual punishment.

PARTIES

1. John Doe is a former prisoner of the Bartlett State Jail. He presently resides in Tom Green County, Texas.

2. Corrections Corporation of America (CCA) is a private, for-profit Tennessee company that operates prisons, including the Bartlett State Jail located in Williamson County, Texas. At all relevant times, CCA was acting under color of law. It

---

[1] "John Doe" is a pseudonym. Mr. Doe, as a survivor of sexual assault, asks that his true identity not be disclosed publicly in this litigation as public knowledge of the sexual violence he suffered in CCA's prison would bring additional embarrassment, shame, and scorn upon him, and put him at risk of additional sexual violence if he were ever incarcerated again. Mr. Doe will make appropriate information about his identity available to Defendants in discovery.

[2] "Officer John Roe" is a pseudonym. Plaintiff does not have knowledge of Officer Roe's true name, but anticipates it can be learned through discovery. Plaintiff will amend his complaint promptly upon learning Officer Roe's true name.

may be served with process through its registered agent, CT Corporation System, 350 N. St. Paul St., Ste. 2900, Dallas, TX 75201-4234.

3. Officer John Roe was a correctional officer employed by CCA at the Bartlett State Jail. At all relevant times, he was acting under color of law.

4. Eduardo Carmona was the warden at the Bartlett State Jail, and employed by CCA. At all relevant times, he was acting under color of law. He can be served with process at the Bartlett State Jail, 1018 Arnold Drive, Bartlett, TX 76511.

## JURISDICTION AND VENUE

5. Jurisdiction is based on 28 U.S.C. §§ 1331 and 1343(a)(3)(4).

6. Venue is proper in this Court under 28 U.S.C. § 1391 because the events complained of occurred in this judicial district.

## FACTS

7. Pursuant to a contract with the Texas Department of Criminal Justice, CCA operates the Bartlett State Jail – a prison for low-level inmates doing short-term sentences.

8. TDCJ assigned Mr. Doe to serve a short sentence at the Bartlett State Jail.

9. As CCA and Warden Carmona well know, prisoners at Bartlett State Jail have long been subjected to a hazing practice known as "ass on the glass." Shortly before a prisoner is released from custody, other prisoners will forcibly pick the victim up, strip off his pants, and carry him upside down to the glass partition between the inmate housing area and the officers' picket where guards (like Officer Roe) observe the prisoners. The victim's bare buttocks are slammed against the window, exposing his

buttocks and anus to the officer. It would be impossible for "ass on the glass" to happen without the officer noticing it.

10. CCA and Warden Carmona, have long known that this "ass on the glass" practice regularly takes place at the prison, but have done nothing to stop it.

11. On October 19, 2013, Mr. Doe was living in a housing area with 54 other prisoners. At around 9:00 pm, a prisoner who was about to be released was grabbed by other inmates and subjected to "ass on the glass."

12. Enraged, this first prisoner got together with his friends, and grabbed the inmates who victimized him, stripped their pants off, and slammed them up against the window.

13. As was eminently predictable, all the inmates in the housing area began chanting, "Ass on the glass – everybody's going!" Inmates began grabbing each other, tearing their pants off, and putting dozens of men through this humiliating sexual hazing.

14. Over the next three hours, prisoners loudly chanted "Ass on the glass! Ass on the glass!" All 55 men in the cellblock were forcibly slammed against the plexiglass partition in front of the officer's station.

15. As has long been CCA's custom, only one officer, here, Officer Roe, was on duty to watch this cellblock (along with three other cellblocks each with 55 men). To maximize profits, CCA regularly understaffs its prison facilities, though the need for additional staff is obvious and inmate-on-inmate violence is a known result. Thus, as Officer Roe watched dozens of men get slammed up against the glass wall, he did nothing.

16.     Warden Carmona and other CCA executives were well aware the prison was chronically understaffed, but did nothing about it.

17.     Sound correctional practices require two officers to be present at all times so that one officer can intervene, if necessary to protect inmates, and the other can call for backup. CCA, with full knowledge of its executives and the Bartlett warden (Carmona), upon information and belief, understaffed the Bartlett State Jail so that only one officer was working in Mr. Doe's housing area and thus no officer would intervene to break up "ass on the glass."

18.     In fact, a high-ranking CCA officer later admitted to Mr. Doe that "it was Saturday night, and we didn't have enough staff to run the building."

19.     It became clear to Mr. Doe that inmates were going to assault him and slam him against the wall too. He watched, terrified, as other inmates were torn off their bunks, yelling for help, before being violently humiliated.

20.     Officer Roe, having seen many men suffer this humiliating assault, knew that it was highly likely "everybody's going," and that Mr. Doe would also be assaulted.

21.     Finally, after "ass on the glass" had been going on for over two hours, several inmates approached Mr. Doe. Though he fought back, kicking and screaming, he was overwhelmed as the other inmates grappled with him and pulled down his pants.

22.     During the struggle, one of the assailants inserted his finger into Mr. Doe's anus, and another grabbed his testicles, sexually assaulting him in violation of TEXAS PENAL CODE § 22.011(a)(1)(A).

23.     Because Mr. Doe fought back, the prisoners repeatedly slammed him up against the glass, exposing him to Officer Roe three or four times.

24. The assaults stopped only after every prisoner in the cellblock endured "ass on the glass." CCA's officers, including Officer Roe, did absolutely nothing to intervene, as Warden Carmona knew was typical.

25. Shortly thereafter, Mr. Doe reported the assault to TDCJ's Office of the Inspector General – the law enforcement body that investigates crimes committed inside the prisons. The investigation found "other offenders were involved in hazing" Mr. Doe, and that he was the victim of "sexual misconduct (pulling pants down and placing buttocks on glass)."

26. After Mr. Doe reported the sexual assault, CCA punished him by placing him in solitary confinement, as has long been CCA's practice of responding to rape survivors' outcries.

27. Mr. Doe became very fearful, terrified he would be assaulted again. Over the next few months, he saw the prison system's mental health providers several times to discuss his fear, anxiety, and mental anguish caused by the sexual assault.

28. Though TDCJ professes to have "zero tolerance" for sexual assault, that is clearly not true of its contractor, CCA, at the Bartlett State Jail.

## CAUSE OF ACTION

I. EIGHTH AND FOURTEENTH AMENDMENT - 42 U.S.C. § 1983

29. CCA's officers and Warden Carmona knew sexually humiliating hazing like "ass on the glass" regularly took place at the Bartlett State Jail.

30. Despite knowing these assaults happened regularly, CCA took no steps to stop the practice, and knowingly failed to adequately staff the prison so that sufficient officers would be available to intervene.

31.     In fact, on October 19, 2013, Officer Roe, one of CCA's employees, had observed "ass on the glass" taking place in front of him for over two hours before Mr. Doe was finally assaulted. Pursuant to the policy, practice, and custom prevalent at the Bartlett State Jail, Officer Roe did nothing to protect Mr. Doe from the other inmates, even though he had already witnessed dozens of assaults that night.

32.     Warden Carmona knew "ass on the glass" happened regularly at the Bartlett State Jail, but did nothing to stop it, pursuant to CCA's policy, practice, and custom prevalent at the Bartlett State Jail.

33.     Accordingly, CCA, Warden Carmona and Officer Roe acted with deliberate indifference to Mr. Doe's constitutional right to be protected from harm during incarceration, in violation of the Eighth and Fourteenth Amendments to the U.S. Constitution.

34.     CCA had the following policies, practices, and customs at the Bartlett State Jail that were the moving force causing Mr. Doe's injuries:

      a. **"Ass on the Glass"**: CCA regularly failed to intervene or discipline inmates involved in sexual hazing like "ass on the glass."

      b. **Inadequate Staffing**: CCA knowingly failed to adequately staff the prison, though it knew inadequate staffing would prevent officers from intervening to protect inmates from sexual assault.

      c. **Inadequate Training**: CCA knowingly failed to adequately train its officers about preventing and stopping sexual assault and sexual hazing.

31.     Likewise, high-ranking officials at the Bartlett State Jail, including Warden Carmona, knew that "ass on the glass" was a common practice at the prison, knew that the prison was not adequately staffed, and knew that inmates like Mr. Doe were going to suffer due to CCA's deliberate choices not to stop the abuse.

32. Plaintiff brings these claims pursuant to 42 U.S.C. § 1983.

## DAMAGES

33. As a direct and proximate result of the aforementioned conduct, Plaintiff sustained damages, including:

   a. past and future physical pain and suffering;

   b. past and future impairment;

   c. past and future mental anguish; and,

   d. past and future medical expenses.

44. Plaintiff is entitled to punitive damages because of CCA, Carmona, and Officer Roe's deliberate indifference to his right to be protected from assault and sexual assault.

## ATTORNEYS' FEES

45. Pursuant to 42 U.S.C. § 1988, Plaintiff is entitled to an award of attorneys' fees and costs, including, but not limited to, expert witness fees.

## PRAYER

46. Plaintiff hereby asks that Defendants be cited to appear and answer and that Plaintiff be awarded judgment against Defendant for:

   a. compensatory and punitive damages;

   b. attorneys' fees and costs, including expert fees, under 42 U.S.C. §1988;

   c. pre-judgment interest and post-judgment interest at the highest rate allowable under the law;

   d. all costs, including but not limited to any expert fees; and,

7

e.  all other relief in equity or in law, to which Plaintiff may be entitled.

        Respectfully submitted,

        EDWARDS LAW
        The Haehnel Building
        1101 E. 11th Street
        Austin, Texas 78702
        Tel.   512-623-7727
        Fax.   512-623-7729

By:  /s/ Jeff Edwards
       JEFF EDWARDS
       State Bar No. 24014406
       SCOTT MEDLOCK
       State Bar No. 24044783
       SEAN FLAMMER
       State Bar No. 24059754